**UNITED STATES of America, Plaintiff,**

v.

**QUINCY–COLUMBIA BASIN
IRRIGATION DISTRICT, et
al., Defendants.**

**No. C–85–587–JLQ.**

United States District Court,
E.D. Washington.

Nov. 24, 1986.

George Sherk, Robert Sweeney, Asst. U.S. Atty., Seattle, Wash., for plaintiff.

Richard A. Lemargie, Ephrata, Wash., for defendants.

ORDER GRANTING PLAINTIFF'S MO-TION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MO-TION FOR SUMMARY JUDGMENT

QUACKENBUSH, District Judge.

THIS MATTER came regularly on for hearing by the court on October 26, 1986, on the cross-motions for summary judgment in the above-entitled case. Assistant United States Attorneys George W. Sherk and Robert Sweeney represented plaintiff; John W. Baird appeared on behalf of defendant Quincy-Columbia Basin Irrigation District, and Richard A. Lemargie appeared for defendant South Columbia Basin Irrigation District. This action revolves

around the validity and enforceability of regulations enacted pursuant to federal reclamation law. There are no facts in dispute, rather the basic conflict arises over whether the irrigation districts and individual landowners may be required to comply with certain reporting requirements.

In 1939, the defendant water districts were organized and became part of the Columbia Basin Project, a federal reclamation project. These entities maintain and operate the major portion of the irrigation works flowing from Grand Coulee Dam. Defendants supply water to approximately 450,000 acres of land within the districts' boundaries. The water district originally entered into repayment contracts with the government. Subsequently, the contracts were amended and in 1968 the parties executed the contracts governing this action.

All parties agree that this action presents the following issues:

1. Whether the Secretary of the Interior possessed the authority to promulgate the regulations in question;

2. Whether, in light of the contract between plaintiff and defendants, the Secretary may require defendants to cease supplying water to landowners who have not complied with the present regulations; and

3. Whether the Secretary may declare individual landowners ineligible to receive federal water for failure to comply with these regulations.

The following statutory scheme applies to this action. The original legislation governing this area is the "Reclamation Act of 1902" (1902 Reclamation Act). 43 U.S.C. § 371 *et seq.* It provides that federal irrigation waters could not be supplied to lands in excess of 160 acres under one owner or 320 acres under ownership by a married couple. 43 U.S.C. § 431. The 1902 Reclamation Act does not place limitations on the amount of land leased nor does it require any reporting regarding the amount of land owned. This statute further provides that the Secretary was authorized to make such rules and regulations as

necessary to carry out the provisions of the Act. 43 U.S.C. § 373.

Congress then passed the "Reclamation Reform Act of 1982" (1982 Reform Act). 43 U.S.C. § 390aa, *et seq.* The Reform Act states that it's provisions applied only to contracts entered into after October 12, 1982 or to existing contracts amended to conform to the Act. 43 U.S.C. § 390cc(a). Districts with contracts entered into before October, 1982 still are subject to the provisions of the 1902 Reclamation Act except that such districts are subject to certain provisions of the new law not applicable herein. 43 U.S.C. § 390cc(b). Under the 1982 Reform Act, as a condition precedent to obtaining water from the federal project, each landowner or lessee within a district whose contract was subject to the new law must comply with certain reporting requirements. 43 U.S.C. § 390ff. The landowners must report acreage controlled to the water district which then reports to the Secretary. No such reporting had previously been required. The water consumers and the districts in this action are not subject to this provision because their contracts were entered into in 1968. Thus, the defendants are not statutorily required to produce such reports.

The 1982 Reform Act further provided that any prior provisions of reclamation law are not affected by this Act unless they were amended by or inconsistent with the new law. 43 U.S.C. § 390ww(a). However, the 1982 Reform Act stated that the Secretary is authorized to prescribe regulations and collect data necessary to carry out provisions of that title and *"other provisions of Federal reclamation law."* 43 U.S.C. § 390ww(c) (emphasis added). The 1982 Reform Act further provides that "any contracting entity subject to ownership or pricing limitations of Federal reclamation law shall compile and maintain such records and information as the Secretary deems reasonably necessary to implement this title *and Federal Reclamation law."* 43 U.S.C. § 390zz (emphasis added) (Federal reclamation law is defined as those statutes in effect prior to the enactment of the Reform Act).

This action involves the regulations found at 43 C.F.R. § 426 *et seq.* which were enacted in 1983 pursuant to the 1902 Reclamation Act and the 1982 Reform Act. These regulations apply to all land subject to the acreage limitation of reclamation law. 43 C.F.R. § 426.2. It is agreed that the land in question is subject to acreage limitations. The regulations also revalidate any contract entered into prior to October 12, 1982. 43 C.F.R. § 426.5(1). In regard to reporting requirements, the regulations require all landowners subject to acreage limitations, whether or not required by the 1982 Reform Act, to report, through the district, irrigable land in their ownership and the extent and conditions of any leases held as to such land. These owners and lessors must further attest that they are in compliance with the reporting requirements of reclamation law. 43 C.F.R. § 426.10(a)(b). The duties imposed on the water districts include making reporting forms available to landowners, keeping completed forms on file for inspection and providing yearly summaries of the information in these reports to the Bureau of Reclamation. 43 C.F.R. § 426.10(g). This section does not distinguish between districts subject to the 1982 Reform Act and those operating under the 1902 Reclamation Act. The failure to supply such reports to the districts will result in loss of water eligibility by the landowner. 43 C.F.R. 426.10(j).

*Authority to Promulgate Regulations*

The first issue facing the court is whether the Secretary has the authority to require reporting by entities subject to the prior law.

Plaintiff relies, *inter alia,* on the provisions in the 1982 Reform Act which provide that the Secretary may promulgate regulations to implement the 1982 Reform Act and "other provisions of Federal reclamation law." 43 U.S.C. § 390ww(c). The 1982 Reform Act also provides that any contracting agency (water district) must supply records and information which the Secretary deems necessary for implementation of either this title or any other provision of federal reclamation law. 43 U.S.C. § 390zz. In addition to arguing this statutory authority, plaintiff contends that this court must afford great deference to the Secretary's interpretation that such reporting requirements are necessary to carry out the statutory scheme. The government asserts that its interpretation is a reasonable one which is all that is necessary to uphold such a reading. *See Mourning v. Family Publication Service, Inc.,* 411 U.S. 356, 369, 93 S.Ct. 1652, 1657, 36 L.Ed.2d 318 (1973).

Defendants contend that because Congress specifically required landowners subject to (or opting for) the 1982 Reform Act to supply such reports, it implied that landowners under the 1902 Reclamation Act should not have to supply such information. Additionally, defendants assert that such a reporting requirement violates contractual obligations between the United States and the district.

In regard to defendants' assertion that such a requirement violates contractual provisions, the argument would be more appropriately addressed to the second issue of whether the districts must comply with the regulation. Defendants do not argue that the present regulations are unconstitutional as an impairment of contractual obligations.

To invalidate a regulation, this court must find that it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). However, the regulation must be within the agency's authority as vested by Congress. *Chrysler Corp v. Brown,* 441 U.S. 281, 308, 99 S.Ct. 1705, 1720, 60 L.Ed.2d 208 (1979); *Zarr v. Barlow,* 800 F.2d 1484, 1487 (9th Cir., 1986). The grant of authority need not be specific but the regulation must reasonably relate to the purposes of the enabling act. *Zarr, supra,* at 1487.

In actuality, the present regulation requiring reporting is being implemented pursuant to the 1902 Reclamation Act *and* the 1982 Reform Act because both Acts provide for the Secretary's authority to promulgate reasonable regulations to carry

out the purposes of those acts. 43 U.S.C. § 373; 43 U.S.C. § 390ww(c). The present regulations by definition apply to those entities subject to the 1902 Reclamation Act. Defendants do not seriously argue that the present regulations are not reasonably related to the goals of reclamation law. Instead they contend that because *Congress* imposed such a reporting requirement on those subject to the 1982 Reform Act, it necessarily expressed an intent that those under the 1902 Reclamation Act could not be forced to provide such information.

■ Congress, however, did not replace the existing reclamation law, rather it merely supplemented it. In fact, it clearly indicated that the Secretary retained the authority to act in a manner to ensure enforcement of both the 1902 Reclamation Act and the 1982 Reform Act. There is no indication that, prior to the passage of the 1982 Reform Act, the Secretary could not have imposed such a reporting requirement. It does not follow that because Congress took such a step as to a new classification of individuals, the Secretary lost authority to act in the same manner toward another grouping. The court finds that this regulation is "consistent with the governing legislation." *Zarr, supra*, at 1489.

## BREACH OF CONTRACT

The 1968 repayment contract between defendants and plaintiff provides that the Secretary "may make rules and regulations as far as the purport thereof may be consistent with the provisions of this contract." Ct.Rec. 49, p. 9–10. The defendants contend the reporting requirement of the regulations is inconsistent with the contract because the contract delineates the conditions precedent to obtaining federal water and nowhere is there a provision regarding ownership certification. Because such reporting requirements are so burdensome say defendants, the regulations unilaterally add substantive provisions to the existing contracts.[1] Moreover, defendants rely on a contract provision stating that upon "significant changes in the general policies of the United States with respect to the project or in the Federal Statutes applicable thereto, the Secretary will, upon request of the District, negotiate amendments to this contract to conform it to such changes." (Ct.Rec. 49, p. 13). Defendants assert that because the challenged regulations and the reporting requirements therein reflect such significant changes in general policy, they should not be subject to such provisions absent amendment of the contract. The districts have not requested any such amendments.

Moreover, defendants contend that the questioned regulations represent a major shift in government policy because since the law was originally enacted in 1902, no reporting has been required. Moreover, the regulations are claimed to be inconsistent with present contractual provision because they impose burdensome administrative and record-keeping tasks upon the districts to which they had not previously consented.

Relying on the language in the contracts that the districts shall observe rules and regulations made by the Secretary to the extent they purport to be consistent with the provisions of the contracts, plaintiff urges that defendants have a contractual obligation to carry out the reporting regulation.[2] The contracts require defendants to "establish and maintain accounts and other books and records pertaining to its financial transactions, land use, and crop production, water supply, water use, changes to project works and to such other matters as the Contracting Officer may require." (Ct.Rec. 50, p. 8).[3] Thus, plaintiffs argue, the reporting condition falls within the obligations of defendants in im-

---

**1.** Such existing contracts were revalidated by the 1982 Reform Act, 43 U.S.C. § 390xx and the regulations 43 C.F.R. 426.5(1).

**2.** The contract further provides that such rules and regulations are to be made only after consultation with the District. Defendants, however, do not raise this as a ground for non-compliance with the reporting requirement.

**3.** The contracting officer is an employee of the Department of Interior.

plementing this contract. Such a new demand, contends plaintiff, is not a change in the "general policies of the United States" nor is it a unilateral imposition of additional duties. Rather, the reporting responsibility, according to plaintiff, is in keeping with the statutory purpose of ensuring compliance with reclamation laws.

■ Although the court recognizes that these new reporting requirements are, in fact, somewhat burdensome, the contracts do require the districts to maintain records pertaining to such matters as the government may require. Moreover, the reporting requirement is designed to ensure compliance with the reclamation laws. Such an objective does not reflect a fundamental shift in governmental policy. Accordingly, the new requirement of providing for and supplying summaries of landowner reports is in keeping with the spirit of the contractual provisions.

## WITHHOLDING OF WATER

■ The final issue is whether the Secretary may require the districts to withhold delivery of federal water to any landowner or lessee who has not complied with the reporting requirements. At the hearing, Mr. Baird, on behalf of both irrigation districts, conceded that if the court found that the Secretary had the authority to issue the regulations and that the regulations were enforceable under the contracts, the district would be obliged not to supply water to offending individuals. Mr. Baird further stated, however, that if the court so ruled, the districts would attempt to give notice and hold a hearing prior to terminating any delivery. In light of the severe consequences of depriving irrigation water in the arid land of Eastern Washington, the court notes that such an approach is desirable and encourages governmental cooperation in that procedure.

## CONCLUSION

This court thus concludes that the Secretary possessed the authority to promulgate the regulations requiring reporting of land holdings on behalf of individuals receiving federal reclamation water who were subject to federal reclamation law as it existed prior to the passage of the 1982 Reform Act. Moreover, this new duty imposed on the districts does not reflect a significant change in general governmental policy nor is it inconsistent with the terms of the contracts and thus is not violative of those documents. Finally, as agreed to by the parties, the Secretary may require defendants to cease delivery of federal water to noncomplying entities. Having so concluded, plaintiff's motion for summary judgment is GRANTED and defendants' motion for summary judgment is DENIED.

The court thus finds that the Secretary validly promulgated the challenged regulations requiring reporting by all landowners and lessee regardless of whether they are subject to the 1902 Reclamation Act or the 1982 Reform Act. Accordingly, pursuant to the 1968 repayment contracts and the regulations, defendants are obligated to act in accordance with those regulations. Such an obligation includes the responsibility to withhold delivery of water from federal irrigation projects to landholders who are not in compliance with federal reclamation law. Because plaintiff has cited no basis for this court to award costs and attorney fees, that request is DENIED.

IT IS SO ORDERED.